Parker, C. J.,
delivered the opinion of the Court.
With respect to the objection, that the defendant, as constable, had no authority to make service of the precept, upon which he took the chattels, for which this action is brought, it depends on the construction of the statute. The authority given by the third section of Stat. 1795, c. 41, being general as to the persons upon whom the service is to be made, empowers a constable to serve all writs and executions in personal actions, where the damage sued for or recovered shall not exceed seventy dollars. This authority a constable has, when a deputy sheriff is the plaintiff or creditor; notwithstanding the provision in the statute of 1783, c. 43, that writs or precepts, in which the sheriff or his deputies may be parties, shall be served by a coroner; for this latter provision relates only to cases, in w'hich a constable has no authority. [ * 409 ] * But the principal objection seems to be, that the constable had no authority in the case, because Briggs was not in the town where the writ was served; but was an inhabitant of, and resident in, another town. The words of the statute, strictly taken, would seem to confine the authority of constables to the service of precepts, where the party to be affected was within the town; but we are satisfied that this was not the intention of the legislature; nor is it conformable to the practice under the statute. The object in view was to limit the power of the constable as to amount, and as to territory. He is to serve precepts on persons within the town. The attachment of property within the town is, in some sense, a service upon the person; sufficiently so to give the authority intended by the legislature.
As to the other question, viz. Whether the boat, cable, and anchor of the vessel, could be attached, and so separated from the vessel:—this may depend upon the situation of those articles in relation to the vessel. To take a boat or a cable and anchor from a vessel when they are in use, and necessary to the safety of the vessel, would expose the party to damages. But if the vessel were at a wharf, and her cable and anchor and boat not in use, there seems *331 to be no reason why they may not as well be taken as the harness of a carriage, or the sails and rigging of a vessel when separated from the hull, and laid up on shore. The verdict for the plaintiffs must be set aside, and a. verdict entered for the defendant, upon which judgment will be rendered.