# SUPREME JUDICIAL COURT

#### FOR THE COUNTY OF

## KENNEBEC.

### MAY TERM,

### 1827.

DEARBORN, *treasurer &c. vs.* PARKS.

Where one undertakes to pay the debt of another, and by the same act also pays his own debt, which was the motive of the promise ; this is not such an undertaking to pay the debt of another as is within the statute of frauds, and therefore it is not necessary that it should be in writing.

Though the consideration for such promise was land, yet the party to whom the debt was to be paid may recover the amount in an action for money had and received.

THIS action was for money had and received by the defendant, to the use of the plaintiff, as treasurer of *Monmouth* Academy. It was commenced in *October* 1823; an d wasti e d before *Weston J.* upon the general issue, and the plea of the statute of limitations.

It appeared that in *December* 1813, one *Heald* purchased of the Trustees of the Academy a tract of land, for which he gave his promisory notes, payable in four successive years, with interest annually. A few months afterwards, he sold this land to the defendant, in whose hands as much of the purchase-money was retained as would pay off the notes to the trustees, which the defendant promised *Heald* that he would pay. This promise he repeated to *Heald*, as late as in *September* 1815, when the latter was about to depart for the State

1

of Ohio, where he died; but being interrogated in *November* 1822, he said he had paid *Heald* another way.

Upon this evidence, a verdict was taken for the plaintiff for the amount of the notes due to the corporation, with simple interest; subject to be amended or set aside, according to the opinion of the court upon the liability of the defendant.

*Boutelle*, for the defendant, contended, 1st—that here was no privity of contract between the parties to this suit. On the contrary, it appears that the defendant entered into a special agreement with *Heald* to do a specific act; to which, and to the consideration inducing it, the plaintiff is wholly a stranger.

2. If the plaintiff could once have claimed the benefit of the promise, he is now barred by the statute of limitations. For the engagement was, to take up the notes forthwith; of which the plaintiff could have availed himself in a reasonable time after it was made; and was not bound to wait till they fell due. But if money was left in the hands of the defendant, which the plaintiff can claim on the implied promise, as money had and received to his use, then also is he barred; for if it was the money of the plaintiff, he was entitled to it as soon as it was received by the defendant, which was more than ten years before the action was brought. *Miller v. Adams* 16. *Mass.* 456. *Bishop v. Little* 3. *Greenl.* 405.

3. But no action would lie for this plaintiff on the express undertaking, it being to pay the debt of another, and so void by the statute of frauds, for want of being written. It is also void at common law, there being no consideration between these parties. The plaintiff gave up no lien, sustained no damage, and forbore no suit; nor did the defendant derive, from him, any benefit whatever. 4. *Johns.* 422. *Skelton v. Brewster* 8. *Johns.* 376. *Leonard v. Vredenburg ib.* 29.

*Sprague*, for the plaintiff, supposed the point of privity, in cases like the present, to be too well settled to admit of argument; and referred to *Tho. Raym.* 302. *Dutton v. Poole Tho. Jo.* 102. *Arnold v. Lyman* 17. *Mass.* 400. *Hall v. Marston ib.* 579. *Freeman v. Otis* 9. *Mass.* 276. 1. *Cranch* 429. Nor was it necessary

Dearborn v. Parks.

that money should have been actually in the hands of the defendant. It was enough that he received any thing of value, for which he undertook to pay money. *Randall v. Rich* 11. *Mass.* 494. *Longchamp v Kenney* 1. *Doug.* 137.

As to the bar of the statute of limitations;—the contract was to pay the notes, which thus became part of the undertaking, by express reference, and so regulated the time of performance. And the last of the notes having become payable within six years next before the suit, the plaintiff is entitled to recover for at least that amount. If the money had been payable forthwith, then the defendant might have tendered it to the plaintiff, who would have been bound, contrary to established principles, to receive the money for the notes before the days of payment had arrived. But the plaintiff would be protected, by the settled law on this subject, against so great an absurdity. But if, as between the defendant and *Heald*, the contract was special, to take up all the notes; this was to be performed either as they fell due,—in which case the plaintiff is entitled to recover only the last note, that being the only one payable within six years before the suit,—or if to be performed by one act, then it was not to be performed till the last note was payable; in which case the plaintiff is entitled to retain the verdict as it stands. Upon any other principle, the defendant would be liable to an action by *Heald* within the four years, without the power to protect himself by compelling the plaintiff to accept the money.

Nor can the objection of the statute of frauds avail the defendant. His promise was to pay, not the debt of another, but his own debt. By receiving the land, he became debtor to pay the consideration, partly to his grantor, partly to the plaintiff, by his express stipulation. Such a case is not within the statute. 1. *Phil. Ev.* [362.] *Leonard v. Vredenburg* 8 *Johns* 38. 39. *Skelton v. Brewster ib.* 376. *Packard v. Richardson* 17. *Mass.* 140. *Gold & al. v. Phillips* 10. *Johns.* 412. *Myers v. Morse* 15. *Johns* 426. *Colt v. Root* 17. *Mass.* 236. *Roberts on Frauds* 232—237.

WESTON J. delivered the opinion of the Court.

In *Leonard v. Vredenburg*, cited in the argument, *Kent C. J.* distinguishes three classes of cases, in which one person undertakes

to pay for another. · 1. Where the principal and collateral promises are made at the same time, and are founded upon the same consideration. 2. Where the collateral promise is subsequently made, in which case, some further consideration must be shewn. 3. Cases in which the promise to pay the debt of another, arises from some new and original consideration of benefit or harm, moving between the newly contracting parties. The last class he holds not to be within the statute of frauds. And Serj. *Williams*, 1. *Saund.* 211, note 2, lays down the law to be, that where the promise is founded upon some new consideration, sufficient in law to support it, and is not merely for the debt of another, although, in effect, the undertaking be to answer for another person, it is considered as an original promise, and not within the statute. *Reed v. Nash*, 1. *Wils.* 305, and *Williams v. Leper*, 3. *Burr.* 1886, are authorities to the same point. This principle, also, was fully recognized in *Colt v. Root*, 17. *Mass.* 236, cited in the argument.

But it is urged that, admitting the correctness of the doctrine stated, the promissee should be privy to the new consideration, and that, in this case, he is a stranger to it. *Comyn* [*Dig. Assumpsit E.*] states that, upon a promise to *B*, to pay £20 to an infant at his full age, and to educate him in the mean time, the infant shall have the action. And that, if money be given to *A*, to deliver to *B*, *B* may have the action. *Rolle's* abridgment is cited by him as an authority. In *Dutton v. Pool*, the father of the plaintiff's wife, being seised of a wood, which he intended to sell to raise fortunes for younger children, the defendant, being his heir, in consideration that he would forbear to sell it, promised to pay his daughter, the plaintiff's wife, £1000 for which the action was brought; and it was held that the plaintiff might well maintain it. This decision was affirmed in the exchequer chamber. In *Martyn v. Hinde*, *Cowp.* 437, the plaintiff declared against the defendant, rector of *A*, upon an instrument in writing, whereby the defendant promised the plaintiff to retain him as curate, until, &c. and to allow him £50 per annum. The instrument produced in evidence, was a certificate addressed to the Bishop, whereby the defendant nominated the plaintiff his curate, and promised to allow him £50 per annum, un-

til otherwise provided. Upon this evidence, after argument, the plaintiff was held entitled to recover against the defendant. And in *Marchington v. Vernon* 1. *Bos.* & *Pul.* 101, *note b.* Buller J. says, " If one person makes a promise to another for the benefit of a third, the third may maintain an action upon it."

The same doctrine has been expressly adopted in New York. *Schermerhorn v. Vanderheyden* 1. *Johns.* 139. *Gold v. Phillips* 10. *Johns.* 412, cited in the argument. In *Arnold v. Lyman* 17. *Mass.* 400, cited by the counsel for the plaintiff, a promise to *A*, for the benefit of *B*, was holden to enure to *B*, who sustained an action thereupon in his own name. And in *Hall v. Marston*, also cited from the same volume, a party receiving money from the original debtor, with directions to pay it to his creditor, was holden liable to such creditor, although he made no express promise to any one, to pay him. In this case *Parker C. J.* states, that " it seems to have been well settled heretofore, that if *A* promises *B*, for a valuable consideration, to pay to *C*, the latter may maintain *assumpsit* for the money." And he further says, " the principle of this doctrine is reasonable, and consistent with the character of the action of *assumpsit* for money had and received."

In cases of this description, although the promissor undertakes to pay the debt of another, yet he thereby pays his own debt; and that constitutes the operative motive and inducement, by which he is actuated. To him it must be a matter of indifference, whether he pays directly to his creditor, or to his assignee. He pays no more ; and he can be holden to pay but once. These are not cases within the meaning of the statute ; which requires evidence, not susceptible of being easily perverted by fraud or perjury, before one man can be held obliged to pay the debt of another, and trust to his solvency for reimbursement. But if the original debtor has paid him an adequate consideration therefor, either by the discharge of a debt due to himself, or by depositing money with him for the express purpose, and the party thereupon promises to pay as directed, why should not the undertaking enure to him, for whose benefit it is intended ? As this cannot operate to the injury of the promissor, there is no reason why the law should require evidence of a more

Dearborn v. Parks.

certain character, to prove the substitution, than to prove the promise directly to him from whom the consideration moved. We are therefore of opinion, that this is not a case within the statute of frauds; and that, according to the authorities, the alleged want of privity constitutes no sufficient objection to a recovery on the part of the plaintiff.

The defendant reserved, by the direction and consent of *Heald*, of whom he purchased, a sufficient portion of the purchase money to pay the notes in question. When therefore the plaintiff had a right to demand it, he might well declare for it as for so much money had and received to his use. If the defendant did not actually receive money, he received that for which he agreed to pay a certain sum in money, part of which was appropriated in his hands to pay the plaintiff.

For such part of the amount as had been due six years, prior to the commencement of the action, which was in *October* 1823, the plaintiff is barred by the statute of limitations. For such portion as become due within that period, he may recover. This rule being applied, all the notes are barred, except that which became due last; and as the interest was payable annually, the plaintiff cannot be allowed upon this note that part of the interest, which became due more than six years prior to the action.

The verdict being amended in conformity with this opinion, judgment is to be rendered thereon.