GARDNER BREWER vs. EBENEZER E. DYER.

B. leased a shop to P., by indenture, for a term of years, during which D. signed and delivered to P. an agreement, not under seal, " to take the lease of the shop, and to pay to B. the rent as it becomes due, and to take the place of P. in all cases, so far as the shop, P. and B, are concerned:" P. then left the premises, and D., with the knowledge of B., entered upon and occupied them for some months, but left before the expiration of the term: During D.'s occupation, the bills were made out to P., but presented to and paid by D. It was held that the agreement given by D. to P., did not amount to a legal assignment of the lease; that the facts did not warrant a presumption of the surrender of the lease, so as to make D. liable to B. for the use and occupation of the premises ; but that B. was entitled to recover the rent, for the remainder of the term, of D., in an action of assumpsit upon the agreement, as being a promise made to P. for B.'s benefit.

THIS was an action of assumpsit to recover the rent of a shop, formerly numbered 415, on Washington Street, in Boston, from the 1st of October, 1847, to the 17th of March, 1848; certain repairs made by the plaintiff on said shop during that time ; and the taxes assessed thereon on the 1st of May, 1847. The parties agreed upon the following statement of facts, reserving to both parties the right to object to the giving of any such facts in evidence: The plaintiff leased said shop by indenture of two parts, for the term of three years from the 17th of March, 1845, to Henry F. Parmelee, who covenanted, among other things, to pay the rent and taxes to the plaintiff during said term. The lease was never cancelled, nor the lessee released from the obligations created thereby, unless the facts hereinafter stated constitute such cancellation and release.

· Parmelee entered upon the premises, and paid rent and taxes under the lease, until the 26th of September, 1846, on which day the defendant signed and delivered to Parmelee the following paper, not under seal: " I hereby agree to take the lease of the store 415 Washington Street, and to pay to Gardner Brewer the rent as it becomes due, and the taxes, and to take the place of Henry F. Parmelee in all cases so far as the store, Parmelee and Brewer, are concerned. Boston, September 26, 1846. Eben. E. Dyer." And thereupon Par-

melee left the premises, and the defendant entered upon them, with the knowledge of the plaintiff, and without any dissent on his part, and continued in possession thereof until early in August, 1847, and paid the rent to the plaintiff according to the lease, until the 1st of October, 1847. The bills for rent paid by the defendant were made out to Parmelee.

In August, 1847, the defendant left the premises, and tendered the keys to the plaintiff's agent, who refused to receive them, and the shop remained vacant till the end of the lease; but repairs were made by the plaintiff's agent in February and March, 1848. The paper above mentioned, signed by the defendant, came to the possession of the plaintiff or his agent, on or about the 1st of July, 1848.

The case was submitted to the court of common pleas upon the foregoing facts, with the agreement that the court might draw all inferences therefrom that a jury would be justified in drawing, but reserving to both parties the right to object to the giving of any of such facts in evidence. That court gave judgment for the plaintiff, and the defendant appealed.

*J. P. Putnam*, for the plaintiff.

*C. A. Welch*, for the defendant.

The opinion was delivered at March term, 1852.

BIGELOW, J. The plaintiff seeks to maintain his action on various grounds. The first is, that there was a valid assignment of the original lease by Parmelee, the lessee, to the defendant. But we think it very clear that the writing, given by the defendant to Parmelee, does not amount to a legal assignment of the lease, so as to constitute, between the plaintiff and defendant, the relation of lessor and lessee. The original lease was under seal, and could, therefore, be assigned only by deed, it being a well settled rule of law, that the instrument of transfer must be of as high a nature as the instrument transferred. *Wood* v. *Partridge*, 11 Mass. 488; *Dennis* v. *Twitchell*, 10 Met. 180.

In this case the agreement between the lessee and the defendant was a simple contract, not under seal, and does not contain any apt and proper words of assignment. Nor is there any evidence to show that the lease was ever delivered

to or in possession of the defendant. For aught that appears, it was retained by and continued in the hands of Parmelee. But even if there were a doubt on this point, and if the facts did disclose an assignment of the lease, there is a decisive objection to the plaintiff's recovery in this form of action. The proper and only remedy of a lessor against the assignee of a lease for rent, is by an action of covenant or debt upon the deed; that being a remedy of a higher nature, and one applicable to the contract ·subsisting between the parties. So strictly is this rule held, that an action of assumpsit cannot be maintained upon an express promise by a tenant to the landlord, when the original lease is by deed, unless some new consideration forms the basis ·of the promise. *Foster* v. *Allanson*, 2 T. R. 479; *Reade* v. *Johnson*, Cro. Eliz. 242; *Codman* v. *Jenkins*, 14 Mass. 93; Archb. Land. & Ten. 148. If, therefore, the plaintiff could establish an assignment of the lease, it would not enable him to maintain his present action for use and occupation.

Another ground taken by the plaintiff is, that by the acts and agreements of the parties a surrender of the original lease is shown to have been made; and that the defendant can therefore be charged as a tenant at will, for use and occupation, upon proof of his beneficial enjoyment of the premises. But the facts in this case fall very far short of proving a surrender, to constitute which, it must be made clearly to appear, in the absence of any deed or written instrument, that it was the intention of the parties to create a new lease of the premises, and substitute a new and different estate for that granted by the original lease. See 2 Stark. Ev. (5th Amer. ed.) 342; Archb. Land. & Ten. 82. But, in the present case, nothing is shown which indicates any such intention; while there are several facts which tend very clearly to negative it. The original lease was not cancelled nor given up; the lessor, after the defendant went into occupation of the premises, continued to treat the original lessee, Parmelee, as liable, by making out the bills for rent, as they became due, in the name of Parmelee, although they were presented to and paid by Dyer, the defendant. And in the written contract

between Parmelee and the defendant, the lease is treated as in full force and effect, and not as cancelled and surrendered, by the very terms of the agreement by which the defendant agrees " to take the lease." Upon these facts, it cannot be inferred that there was any intention between the parties to surrender the lease. The defendant therefore cannot be held liable as a tenant at will.

But there is a ground taken by the plaintiff, upon which the court are of opinion that he is entitled to recover in this form of action; and that is, upon the principle of law, long recognized and clearly established in this commonwealth, that when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement. *Felton* v. *Dickinson*, 10 Mass. 287; *Hall* v. *Marston*, 17 Mass. 575; *Arnold* v. *Lyman*, 17 Mass. 400; *Carnegie* v. *Morrison*, 2 Met. 381. In the latter case, all the authorities are fully reviewed in the opinion of the court, and the rule of law clearly vindicated and established. It does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases would seem to indicate; *Dutton* v. *Pool*, 1 Vent. 318; 2 Walford on Parties, 1144; nor upon the reason that the defendant, by entering into such an agreement, has impliedly made himself the agent of the plaintiff; by Coleridge, J., in *Lilly* v. *Hays*, 5 Ad. & El. 551; but upon the broader and more satisfactory basis, that the law, operating on the act of the parties, creates the duty, establishes the privity, and implies the promise and obligation, on which the action is founded. In the case at bar, the agreement, although made between Parmelee and Dyer, is in express terms to pay the rent to Brewer, the plaintiff, and he is the party to be benefited thereby. It is made upon a valid consideration, as between Parmelee and the defendant; being the surrender of the shop by the former, and its occupation by the latter. To make the defendant liable, no consideration need move as between him and the present plaintiff. Nor is it any objection to the plaintiff's right to

recover, that Parmelee might also have a remedy on the con‧ tract, in case the plaintiff should not elect to adopt it. It does not operate to extinguish Parmelee's liability. The plaintiff, if he so elects, can seek his remedy on the agreement, or may rely on the original undertaking of his lessee; in which latter case, Parmelee could enforce the contract against the defendant. These principles are all well settled in the adjudged cases, and it is unnecessary to enlarge upon them. It seems to us that the case at bar falls clearly within them, and that the agreement in question, having been made for the benefit of Brewer on a sufficient consideration, and having been accepted and adopted by him, he can well maintain his action of assumpsit against the defendant.

We have not considered the question, whether the proper form of declaring would be by a count on the special agreement, instead of the common count for use and occupation, as that point was not raised in argument; and being a matter of form, if the declaration is bad, in this respect, it can readily be remedied by an amendment. *Judgment for the plaintiff.*