JAMES MORGAN *v.* THE OVERMAN SILVER MINING COMPANY.

AGREEMENT WITH DEBTOR TO PAY HIS CREDITORS.—If one corporation sues another to recover possession of its real estate, and it is then agreed between the two that the plaintiff may take judgment for possession of the property, and that in consideration therefor the plaintiff shall pay the defendant's debts, and the judgment is taken, the transaction gives each creditor of the defendant a right of action against the plaintiff to recover his demand, without an assignment of the contract to the creditor.

STATUTE OF FRAUDS.—If A. transfers property to B., and B. as a consideration agrees to pay a debt or debts of A., the creditor or creditors of A. who hold such demand or demands have a cause of action against B. without an assignment of the contract. Such contract need not be under seal.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Both the Uncle Sam Silver Mining Company and the Overman Silver Mining Company were corporations formed in the State of California, but carrying on the business of mining in the State of Nevada. The plaintiff was a creditor of the Uncle Sam Silver Mining Company in 1865, when the agreement between the Overman Silver Mining Company and the Uncle Sam Silver Mining Company was entered into. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* and *S. Heydenfeldt,* for Appellant.

The Court below fell into the mistake of supposing that this was a case of attempted novation, where a debtor promises to pay a debt owed by his creditor to another, without the latter being a party to the agreement. The facts in this case make it essentially different from that proposition, for there no consideration passed for the promise, and there are no circumstances relative of a trust. Here the defendant was not a debtor of the Uncle Sam Company, but simply in effect became the purchaser of all its property, upon the agreement to pay all its debts, by which it became a trustee, or debtor directly, of the creditors of the Uncle Sam. (*Ainsle* v. *Wilson,* 7 Cow. 669; *Randall* v. *Rich,* 11 Mass. 494; *Longchamp* v. *Kenney,* 1 Doug. 137; *Westin* v. *Barker,* 12 Johns. 276; *Felton* v. *Dickinson,* 10 Mass. 287; *Martyn* v. *Hinde,* Cowp. 437; *Feltmakers* v. *Davis,* 1 Bos. & Pull.)

*G. F. & W. H. Sharp,* for Respondent.

The cases in 1 Serg. & Rawle, 5 Maine, and 1 Johnson, are unquestionably law; but in each and all of them the action was for money had and received, and the right was based on an acknowledged trust, which is *not* the case here. The

demurrer was properly sustained, because it does not appear that Morgan ever assented to the substitution of debtors. His contract, if any, was made with the Uncle Sam, while his suit is against the Overman Company, and independent of the question of novation. Special facts must be shown to sustain the liability of the latter. There can be no substitution of debtors without the express assent of the creditors. The transaction set forth in the complaint constituted, if not a technical novation, at least an assignment of a debt. (*Cuscen* v. *Chadly*, 3 B. & C. 591; *Whaton* v. *Walker*, 4 B. & C. 163; *Owen* v. *Bowen*, 4 Carr & Payne, 93; *Gibson* v. *Minct*, 1 Carr & Payne, 247; *Williams* v. *Everett*, 14 East. 582.)

To entitle the plaintiff to recover there must be an extinguishment of the original debt, and nothing can operate as an extinguishment but *payment* or an express agreement of the creditor to substitute the debtor. And the relief must be sought in an action for money had and received, as plaintiff's own authorities establish. (*Butterfield* v. *Hartshorn*, 7 N. H. 345.)

By the Court, Sawyer, C. J.:

The plaintiff was a creditor of the "Uncle Sam Silver Mining Company." The defendant brought an action against the Uncle Sam Silver Mining Company, to recover all the mining ground and property of the latter, and it was agreed between the companies that the latter should permit the former, the defendant in this action, to take a judgment in said action for said property; and, in consideration therefor, the said Overman Silver Mining Company agreed to pay and discharge all the debts and liabilities of the Uncle Sam Silver Mining Company. This action is brought against the Overman Silver Mining Company, to recover the debt due plaintiff from the Uncle Sam Silver Mining Company. The plaintiff claims a right to recover against the defendant by reason of the liability on the part of defendant to pay the debts of the Uncle Sam Silver Mining Company under the

agreement before named.   The above facts are alleged in the complaint, and the defendant demurred to the complaint, and the demurrer was sustained, on the ground that the complaint does not state facts sufficient to constitute a cause of action.   The defendant insists that there is no privity of contract between plaintiff and defendant, and that the action cannot be maintained without an assignment of the contract.

It seems to us that the authorities cited by appellant sustain the position that the action can be maintained against defendant.   Under the agreement alleged, the defendant received, through its judgment recovered by consent, a large amount of property, upon the consideration that it should pay and discharge all the debts and liabilities of the Uncle Sam Company.   For a good and valuable consideration it agreed to pay and discharge the debts due, and liabilities to third persons.   It received the property for that express purpose, and upon that consideration the promise was made, and the authorities show, that, in such cases, the party for whose benefit the promise is made, may maintain an action against the promisor.   (*Fleming* v. *Alter*, 7 Serg. 294; *Gay* v. *Thompson*, 1 Johns. Ch. 32; *Dearborn* v. *Park*, 5 Me. 81; *Felton* v. *Dickinson*, 10 Mass. 289; *Schemerhorn* v. *Vanderheyden*, 1 Johns. 139; *Jackson* v. *Pierce*, 10 Johns. 413.)   The companies agreed, and the plaintiff manifests his assent by bringing the action.   (*Arnold* v. *Lyman*, 17 Mass. 404.)   The question under the Statute of Frauds is disposed of by the same cases.   If the contract between the two companies was not properly executed as a sealed instrument, it is still good as a simple contract.   It was not necessary that it should be under seal.   Under the authorities cited we think the complaint states a good cause of action.

Judgment reversed, with directions to the District Court to vacate the order sustaining the demurrer, and to enter an order overruling the demurrer, with leave to answer on the usual terms.