ZWIETUSCH, Administratrix, and another, Respondents, vs. BECKER, imp., Appellant.

*March 14—April 8, 1913.*

*Contracts for benefit of third persons: Enforcement: Corporations: Incurring liability before authorized to do business: Acceptance of assignment of lease: Liability of signers of articles.*

1. A valid contract made with one person for the benefit of another may be at once enforced by that other, regardless of any formal assent thereto by him prior to the commencement of the action.
2. Acceptance by a corporation of the assignment to it of a lease running to one of its members, and assumption of the obligations imposed by such lease on the tenant, constituted the "incurring of a debt or liability" to the lessors, within the meaning of sec. 1773, Stats.; and where, at the time of such acceptance, one half of the capital stock of the corporation had not been subscribed nor twenty per cent. thereof paid in, signers of its articles of incorporation who knew of and consented to the assignment and its acceptance became personally liable to carry out the obligations of the lease.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge.  *Affirmed.*

This is an appeal from an order overruling the defendant *Becker's* general demurrer to the complaint.    The action was for unpaid rent, and the complaint alleged in substance that on November 15, 1904, the plaintiffs' predecessors in title made a written lease of certain real estate in Milwaukee county to the defendant Richard C. Kann for the term of ten years, at a rental of $4,000 per year; that the lease contained a provision allowing an assignment of the same to any responsible person or corporation upon condition that the assignees, by proper written instrument delivered to the lessors, assumed and agreed to pay the rent reserved in the lease; that in November, 1904, the defendants *Becker,* Kann, and Turner executed and acknowledged articles of incorporation of a corporation called the International Construction Company, with a capital stock of $200,000, which articles were duly filed and recorded as required by law; that in December, 1904, Kann assigned said lease to said corporation by written instrument, which assignment was accepted in writing by the corporation, and the payment of rent assumed by it; that the lessors assented to such assignment, and that the defendants had actual knowledge of said assignment and its acceptance, and of the obligations created thereby, and immediately thereafter went into possession of the premises as incorporators and stockholders of said corporation, and paid the rent therefor to the lessors quarterly from December 6, 1904, to February 14, 1908, by checks in the name of said corporation; that fifty per cent. of the stock of said corporation was never subscribed for and twenty per cent. thereof was never paid in; that at the time of the assignment of said lease and the acceptance thereof by said corporation the defendants were incorporators and subscribers to the capital stock of said corporation, and each of them had personal knowledge of such assignment and acceptance at the time thereof and consented thereto; that

said corporation became bankrupt February 6, 1908, and that said lease was sold by the assignee in bankruptcy to one Lueh-ring, who occupied the premises and paid the rent until August 14, 1908, when he abandoned the premises and has paid no rent since that date; that the lessors, without waiving their rights under the lease, but in order to protect the buildings and reduce the defendants' liabilities for rent, entered on the premises and leased the same to other parties at a rental of $2,000 a year, which was the best rental obtainable therefor, and have received as rental from such tenants $4,000, leaving $9,000 of rent which has accrued on the original lease, which is still unpaid and for which, with interest, judgment is prayed.

*Paul D. Durant,* for the appellant.

For the respondents there was a brief by *Edgar L. Wood,* attorney, and *Frank M. Hoyt,* of counsel, and oral argument by *Mr. Hoyt.*

WINSLOW, C. J.    Sec. 1773, Stats., provides in effect that no stock corporation shall transact business with any other than its members until at least one half of its capital stock is subscribed and at least twenty per cent. thereof paid in; and that if any obligations be incurred in violation of this requirement the signer or signers of the articles transacting such business or authorizing the same, or consenting thereto, with knowledge, shall be personally liable upon the obligations so incurred.

It is alleged by apt averments in the complaint here that neither the required amount of stock had been subscribed nor the required percentage paid in at the time of the assignment of the lease, and that the signers of the articles of incorporation (of whom the appellant was one) knew of and consented to the making of the assignment and the acceptance thereof by the corporation, as well as the assumption by it of the obligations imposed on the tenant by the lease.

If the acceptance of the assignment and the assumption of the obligations of the lease constituted the incurring of an obligation to the lessors, then it is quite clear that the statute was violated and that the signers of the articles became personally liable to carry out such obligation. That a valid contract made with one person for the benefit of another may be at once enforced by that other regardless of any formal assent thereto prior to the commencement of the action, is settled in this state by many decisions. *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440. The law regards such a transaction as at once vesting in the third person a right to have the promise made for his benefit executed, which right cannot be changed by the immediate parties to the transaction. Thus privity is created, to all intents and purposes, between the promisor and the person for whose benefit the promise is made.

Upon the allegations of the complaint the appellant was bound to carry out the obligations of the lease just as fully as the corporation was, and hence the complaint states a good cause of action against him.

*By the Court.*—Order affirmed.