THE DEVEREUX COMPANY *vs.* FORREST O. SILSBY.

Hancock. Opinion August 3, 1921.

*An attaching officer may attach an indivisible article of personal property, though of much greater value than the amount he is directed to attach, if debtor has no other property, or no other property is shown to him by debtor, or if insufficient property to satisfy his precept is shown to him by debtor, provided he acts in good faith and not with an intent to harass or oppress.*

Where no other property belonging to the debtor exists or is shown to the attaching officer, he may attach an indivisible article of personal property though of much greater value than the amount he is directed to attach under his precept.

Where insufficient property to satisfy his precept is shown to the attaching officer by the debtor and the attaching officer acts in good faith with no intent to harass or oppress, he may attach an indivisible article of personal property though of much greater value than the amount he was directed to attach under his precept.

The failure of the attaching officer to search the record for real estate in the name of the debtor, or to inquire for other property to satisfy his precept or to take property of doubtful value, and not shown to be of sufficient value to satisfy his precept, is not sufficient evidence of bad faith, especially when he was

expressly ordered to attach a specific article of personal property though of greater value than required by his precept, to warrant a finding in the absence of other evidence, that he acted unreasonably or with an intent to harass and oppress.

On report.   An action on the case for "malicious" and "oppressive use and abuse of writ or process" in which plaintiff claims damages resulting from alleged excessive attachment.   Norris L. Grindle, a Deputy Sheriff of Hancock County, under the defendant as sheriff of said county, attached upon a writ against plaintiff a small passenger steamer as the property of plaintiff, and also placed two other attachments subsequent to the first attachment on the same property on writs against the plaintiff in this action, the value of said steamer being much greater than the amount the deputy sheriff was directed to attach under his precept.   Plea, the general issue.   Upon completion of the evidence, by agreement of the parties, the case was reported to the Law Court.   Judgment for defendant.

Case is stated in the opinion.

*D. E. Hurley,* and *Emery G. Wilson,* for plaintiff.

*Fellows & Fellows,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J.   An action to recover damages for an alleged abuse of process by reason of an excessive attachment of personal property. It comes before this court on report.   In May, 1915, a writ of attachment in the common form in favor of Benjamin R. Arey, in which the plaintiff company was named as defendant directing the officer serving the process to attach the property of the Devereux Company to the amount of five hundred dollars was placed in the hands of the defendant as sheriff of the County of Hancock, and forwarded by him to one of his deputies who was specially instructed by the attorney for Arey to attach the steamer "Corinna" as the property of the plaintiff company.   On May 5, 1915, said steamer with her "tackle, apparatus and furniture" was duly attached and a keeper placed on board.   On September 15th following and while in the custody of the attaching officer, the steamer was burned and so far as this case is concerned may be regarded as a total loss.

As we view the case it is not necessary to determine the actual value of the steamer. For the purpose of deciding this case it is sufficient to say that from the evidence we are satisfied that a fair value of this steamer, having in mind the well known appreciation of this class of property during the war, was considerably in excess of thirty-five hundred dollars.

The suit and attachment of Arey was the second in order of time of three attachments placed on this steamer by the same officer and by direction of the same attorney to secure the payment of claims aggregating around two hundred and fifty dollars. The amount claimed as due in the suit prior to the Arey attachment was at least one hundred and fifty dollars. The amount of the attachment in the prior suit does not appear from the printed case. Although the writ was introduced in evidence, it was not printed. From the well known practice in this State, however, and from the amount of the attachment in the Arey suit as compared with the amount of the claim, we may fairly assumed that the attachment in the first suit was not less than three hundred dollars and from the evidence appears to have covered the steamer and her "tackle, apparatus and furniture." The amount of the third attachment is immaterial in the decision of this case, as the plaintiff's allegations are confined solely to the alleged abuse of process in connection with the Arey suit.

The plaintiff company at the time of the attachment had an interest in certain real estate, of sufficient value the plaintiff claims, to have satisfied the precept in the Arey suit, but it is not contended that this was made known to the officer making the attachment or that he or the defendant had any knowledge thereof. It appears that the plaintiff company also owned certain other personal property consisting of piling and boards amounting in value as it claims to approximately one hundred and fifty dollars, but it is not claimed that this was in any way brought to the attention or knowledge of either the defendant or the attaching officer.

The plaintiff also offered evidence to show that on the steamer at the time of the attachment were life boats, life preservers, compass and binnacle, cables, ballast, anchor, settees and the other ordinary equipment necessary for the operation of such a vessel, and of the value, as it claims, of approximately eight hundred dollars.

The plaintiff contends that the officer should have attached sufficient of this equipment and furniture to satisfy his precept, or

should have searched the records and discovered the real estate, and to have attached the steamer itself of the value, as it claims, of more than fifteen thousand dollars was unwarranted and unauthorized by the precept under the circumstances and rendered him a trespasser *ab initio* and that the defendant, as the then sheriff, is liable to the full value of the steamer for failure to return her on demand.

The right of an officer to attach a single indivisible article of personal property, like a vessel, though of much greater value than the amount he is directed to attach on his precept must be sustained of necessity where no other or sufficient property to satisfy his precept can be found, or is shown to him by the debtor, *Moulton* v. *Chadborne*, 31 Maine, 153; otherwise creditors to small amounts might be without adequate relief to secure their claims. Such an attachment would, of course, create a lien only to the amount required to be attached under the precept and could be released by a bond in the penal sum of the *ad damnum* of the writ.

The question presented here is not the same, we think, as where the officer has a choice and his precept could have been fully satisfied with less than he attached. In such cases the real question is the good faith of the officer as shown by all the circumstances, Sher. & Red. Neg. Par. 523, Hitchcock, Sheriffs and Constables, Par. 37. This court has frequently held that attachments less or exceeding the directions in the precept do not render the officer serving the precept liable for an abuse of process where he acted in good faith and in the exercise of a sound discretion. *Merrill* v. *Curtis*, 18 Maine, 275; *Stront* v. *Pennell*, 74 Maine, 265; *Jensen* v. *Cannell*, 106 Maine, 447.

As the court very aptly puts it in *Davis* v. *Webster*, 59 N. H., 473; "To make an officer a trespasser for exceeding or abusing his authority he must be shown to have committed acts which persons of ordinary care and prudence would not under like circumstances have committed and made such a departure from duty as to warrant the conclusion that he intended from the first to do wrong and use his legal authority as a cover for an illegal act."

We are not impressed with the contention of the plaintiff that there was other property in the form of life boats, life preservers, cables, compass, anchor, coal and other equipment and furniture of sufficient value to warrant the officer in violating the express direction of the plaintiff or his attorney and attaching those alone to satisfy his precept.

It appears from the printed case that they were already under attachment in the prior suit, and were of such a nature that their value on a forced sale was not clearly sufficient to satisfy his precept. On the contrary the court is of the opinion that they were clearly insufficient to warrant the officer relying on them alone to satisfy his precept in the face of its general direction to attach property of the value of five hundred dollars and the special direction to attach the steamer itself. Neither was any of these special articles pointed out to the officer or any request made that they be attached instead of the vessel.

Admitting the several articles like life boats, rafts, life preservers, anchors, cables and other similar items were attachable under the circumstances, *Briggs* v. *Strange*, 17 Mass., 404, 408; *Richardson* v. *Clark*, 15 Maine, 421, 423, the issue here is not whether the officer abused his process by an excessive attachment where sufficient other property than that attached was pointed out to him, but whether in the absence of other property of sufficient value to satisfy his precept, he may attach a single indivisible article of property though of much greater value than the amount he is therein directed to attach.

If an officer may attach such an article where no other property exists, we think, he may where insufficient other property is found or pointed out to him to satisfy the directions of his precept. Where any question arises as to the sufficiency of the other property available for attachment or as to the officer's failure to look for other property before attaching the larger and more valuable articles, it must be left to the jury or the tribunal agreed upon by the parties as the trier of facts and be determined by his good faith in the matter.

We do not regard the failure of the officer in this case to discover piling or other lumber located in West Penobscot and Bucksport or to search the records for real estate as indicative of an intent to oppress and harass or to wilfully do an unlawful act, especially in the face of an express direction to attach certain personal property and in the absence of any suggestion on the part of the plaintiff company that it owned any real estate or other property, *Moulton* v. *Chadborne*, supra.

Nor do we think the evidence discloses any intent on the part of the officer to act oppressively or to abuse his authority under color of the process in his hands. Without such evidence we must assume that he acted in good faith. Under all the circumstances as disclosed

by the printed case we are of the opinion that he may be fairly said to have exercised that sound discretion and conservative judgment which a prudent and discreet business man would have exercised under like circumstances in the management of his own affairs. The steamer was not in commission and had not been for nearly a year. There is no evidence that the officers of the plaintiff company anticipated at the time of the attachment that they would within any definite period of time place her in commission. They could have released her at any time on giving bond in the amount of the attachment which, with her as security, they could undoubtedly have secured at any time.

The loss of this boat by fire was no doubt a hardship, but we see no reason why it should fall on the sheriff or his deputy, or their sureties. A jury has said the loss was not due to any lack of care on their part in preserving the property while under attachment. The hardship ensuing appears rather to be due to the lack of foresight on the part of the plaintiff in failing to insure its property. The officer obeyed the special instructions given him by the attorney from whose office the writ was issued and we do not find that acts of the officer under all the circumstances were either unreasonable or intentionally oppressive.

*Judgment for defendant.*