[S. F. No. 9836. In Bank.—December 22, 1921.]

J. I. MORE, Respondent, v. KATE K. HUTCHINSON, as Executrix, etc., Appellant.

[1] CONTRACT—BENEFIT OF THIRD PERSON—ACCEPTANCE.—While it is true that suit may be brought by the third person upon a contract entered into for its benefit immediately upon the execution of the contract, the rule arises from the fact that the suit itself is deemed an acceptance of the contract, but the true rule is that until such acceptance, there is no liability on the part of the person making the contract, but such contract, as far as the third person is concerned, amounts to a mere offer.

[2] CORPORATIONS — ASSUMPTION OF INDEBTEDNESS — STOCKHOLDER'S LIABILITY—STATUTE OF LIMITATIONS.—Where one corporation takes over the assets of another corporation with an agreement to assume the liabilities of the latter, the obligation of the stockholders of the former to the latter corporation is barred in three years from the date of the agreement.

[3] ID.—LIABILITY TO CREDITOR—IGNORANCE OF ASSUMPTION—TIME OF ACCRUAL.—Where a corporation took over the assets of another corporation with an agreement to assume the liabilities of the latter, among which was a promissory note, and several months thereafter the former corporation executed a new note to the creditor, who had no previous knowledge or information of the assumption of such liability and never assented thereto, the liability of the stockholders of the assuming corporation on the note accrued at the time of the execution of the note and not at the time of the assumption of the liability.

[4] ID.—RENEWAL OF NOTE — NONEXTENSION OF STOCKHOLDERS' LIABILITY—INAPPLICABILITY OF RULE.—While it is true that where a note is given by a corporation in renewal of an existing indebtedness of its own the liability of stockholders cannot be extended by such renewal, such rule is inapplicable to a note given by the corporation in renewal of the note of another corporation whose payment it assumed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. S. Hutchinson and Walter Slack for Appellant.

Robert B. Gaylord for Respondent.

WILBUR, J.—This is an action to recover on a stockholder's statutory liability. The defense is that the cause of action is barred by the provisions of section 359 of the Code of Civil Procedure. Defendant is a stockholder in a corporation which assumed and agreed to pay an outstanding obligation of the Morris Real Estate Company. The question involved is as to whether or not the liability of the stockholders of the Palo Alto Investment Company, in which the defendant was a stockholder, accrued at the time of the assumption of this outstanding indebtedness or at the time of

the execution of the note given by the latter company to the creditor.

The district court of appeal, first district, division one, held that the liability accrued at the time of the execution of the note sued on and not at the time of the assumption of the liability. In the petition for transfer to this court it was claimed that the decision was directly contrary to the established law in this state. The transfer was made in order that this point might receive further consideration. After such consideration we are satisfied with the opinion of the district court, written by Mr. Justice Kerrigan, and adopt it as our own. [1] It is true that our authorities uniformly hold that suit may be brought by the third person upon a contract entered into for its benefit immediately upon the execution of the contract, but this rule arises from the fact that the suit itself is deemed an acceptance of the contract. The true rule is that until such acceptance by the third person there is no liability on the part of the person who assumes the indebtedness, but, as stated in the opinion of Mr. Justice Kerrigan, such contract, as far as the third person is concerned, amounts to a mere offer.

In addition to the authorities cited by the district court of appeal the following authorities support this view: *Blake* v. *Atlantic Nat. Bank,* 33 R. I. 464, [39 L. R. A. (N. S.) 874, note, 82 Atl. 225]; *Tweeddale* v. *Tweeddale,* 116 Wis. 517, [96 Am. St. Rep. 1003, 61 L. R. A. 509, 93 N. W. 440]; *Zwietusch* v. *Becker,* 153 Wis. 213, [140 N. W. 1056]; see cases cited in Decennial Digest, Contracts, sec. 187, subd. 5.

Appellant insists that the case of *Morgan* v. *Overman S. M. Co.,* 37 Cal. 534, 537, sustains his position. In that case suit was brought by a third party and the bringing of the suit constituted an acceptance. Appellant quotes from *Washer* v. *Independent Min. etc. Co.,* 142 Cal. 702, 708, [76 Pac. 654], as holding that the obligation accrued at once in favor of the third person without an acceptance. The quotation in appellant's petition is taken from that opinion, but is in turn a quotation from *Brewer* v. *Dyer,* 61 Mass. (7 Cush.) 337. Turning to that decision we find it stated: "It seems to us that the case at bar falls clearly within them, and that the agreement in question, having been made for the benefit of Brewer on a sufficient consideration, *and having been accepted and adopted by him,* he can well maintain his

action of assumpsit against the defendant.'' (Italics ours.)
Neither this Massachusetts case nor our own case are author-
ity for the proposition that an acceptance is unnecessary.

The decision of the district court of appeal hereby adopted
is as follows:

''This is an action to enforce a stockholder's liability. The
proceeding was instituted by respondent as the holder of a
promissory note of the Palo Alto Investment Company, a
corporation, to enforce the liability of the appellant's testator
as a stockholder of that company. Judgment was rendered
in favor of plaintiff for the sum of $1,371.83, and defendant
as executor has appealed.

''The defense urged at the trial was that the action was
barred by the statute of limitations, and this is the sole
question presented on this appeal.

''The facts are undisputed and were established by stipula-
tion at the trial. They may be briefly summarized as fol-
lows: The history of the transaction dates back to the year
1906. At that time one J. J. Morris and Marshall Black
borrowed seven thousand five hundred dollars from the
Crocker National Bank, giving their note therefor. In 1908
this note was taken up by the individual note of Morris.
In 1912 the Morris Real Estate Company assumed payment
thereof. There was then due and unpaid thereon the sum
of $5,545. In March of the same year the Palo Alto Invest-
ment Company was organized for the purpose of taking over
the assets and liabilities of the Morris Company, and this
arrangement was consummated at that time; and later, on
April 29, 1912, the Palo Alto Investment Company executed
an instrument acknowledging receipt of a conveyance from
the Morris Company of its assets, and in consideration of
this transfer it thereupon agreed to assume the liabilities of
that company, among which was the note in question. About
seven months thereafter and on December 4, 1912, the board
of directors of the Palo Alto Company adopted a resolution
to renew this promissory note by executing a new note for
$5,545, payable to the Crocker Bank. The note was accord-
ingly executed by the Palo Alto Company, drawn to its own
order, indorsed by it in blank and delivered to and accepted
by the Crocker National Bank, which in turn subsequently
transferred the note to plaintiff, who thereafter on Novem-
ber 29, 1915, commenced this action. This was the last day

of the three-year period established by section 359 of the Code of Civil Procedure, when computing the time from the date of the note.

"It is appellant's contention that decedent's liability as a stockholder of the Palo Alto Investment Company to the Crocker Bank was created by the consummation of the agreement between the Morris Company, by which the former conveyed its assets to the latter, which in turn assumed the liabilities of the former, and that the stockholders' liability began to run from the date of this agreement. Respondent, on the other hand, insists that the indebtedness was incurred at the time the note was executed and not before. There is no showing in the record that the bank ever knew of the existence of the obligation of the Palo Alto Company to assume the liabilities of the Morris Company, or that it ever assented to it in any way, or accepted its benefits or its burdens prior to the time that it might be charged with such knowledge by its acceptance of the note in suit.

"The contention of the appellant is based upon the doctrine laid down in *Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335], and subsequent cases, to the effect that actions based upon a stockholder's liability must be brought within three years after the liability is created. If the doctrine invoked can be made to apply to this case so as to successfully avail appellant, then a situation is presented of a person being made a party to a contract and foreclosed of certain rights thereunder based upon facts of the existence of which he has absolutely no information or knowledge whatsoever and to which he has never assented. We are cited to no authority supporting such a principle.

[2] "There is no question that it is the settled law of this state that the statute of limitations begins to run in favor of the stockholder of a corporation at the time the debt against the corporation is created; and that under this principle the obligation of the Palo Alto Investment Company's stockholders to the Morris Company, being incurred when the agreement of April 12, 1912, was executed, was barred as against the Morris Company in three years from that date. [3] Quite different, however, is the situation of the bank in its transaction with the Palo Alto Company. It never knew of and, consequently, never assented to the agreement transferring its claim until the new note was executed

in its favor and it accepted the same on November 29, 1912, the day the note bore date. So far as the record shows, this is the only knowledge or information that it had concerning the entire transaction.

"Appellant claims that the assent of the bank was in no manner essential to the creation of the liability of the Palo Alto Company or the accruing of the action in favor of the bank against such company, for the reason that where, as here, one corporation takes over the assets of another with an agreement to assume the liabilities of the latter, the creditors of the old corporation may enforce the agreement against the new corporation, citing *Morgan* v. *Overman etc. Co.*, 37 Cal. 534; *Stanford Hotel Co.* v. *Schwind*, 180 Cal. 348, [181 Pac. 780]. Authority in support of this principle is unnecessary. Our Civil Code (sec. 1559) expressly provides that 'a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it.'

"A contract for the benefit of a third person, however, like any other contract, requires an acceptance; and until such acceptance is manifested in some manner no rights creating a corresponding liability in favor of such party can arise. Until then the transaction amounts to a mere offer. (13 Corpus Juris, 711; *Johnson* v. *Central Trust Co.*, 159 Ind. 605, [65 N. E. 1028].) The exemption from liability here claimed by appellant finds no support in the doctrine announced in *Hunt* v. *Ward, supra*. If the operation of the statute could be set in motion against the bank seven months before it had any knowledge of the liability created in its favor and to which arrangement it had never assented, it might be conceded for a period beyond which any liability against stockholders might be invoked. In other words, the statute could toll against a right of the existence of which one was ignorant by reason of the fact that he had never assented to the agreement out of which it arose. We cannot subscribe to such a doctrine.

[4] "Equally untenable is the appellant's contention that the note of the Palo Alto Company was a mere renewal, one which did not extend the time prescribed in the statute. It is undoubtedly true that where a note is given by a company in renewal of an existing indebtedness of its own, the liability of stockholders of such company cannot be re-

vived or extended by such renewal or extension. (*Hyman* v. *Coleman,* 82 Cal. 65, [16 Am. St. Rep. 178, 23 Pac. 62]; *Goodall* v. *Jack,* 127 Cal. 258, [59 Pac. 575].) Here, however, no such condition is presented. The transaction under consideration was a new and independent contract made with a different company. Under such circumstances it cannot be said that the new note was a renewal of the old one. The bank had the right to, and undoubtedly did, rely upon the right of recourse to the stockholders of the new company in accepting its note."

Judgment affirmed.

Lennon, J., Shaw, C. J., and Shurtleff, J., concurred.

SLOANE, J., Dissenting.—I dissent. From whatever standpoint we view the transaction, it seems to me the liability impressed upon the defendant as a stockholder of the Palo Alto Investment Company was created when that corporation in its contract with the Morris Real Estate Company agreed to pay the latter's indebtedness to plaintiff's assignor, the Crocker National Bank.

That obligation was the foundation of defendant's liability. It was the only consideration for the note subsequently given by the corporation and sued on in this action. Whether the note was an extension or a renewal of the original liability, it, in neither case under the established rule in this state, could stay the statute of limitations as to the defendant.

I do not think it is at all clear that an acceptance was necessary by the plaintiff here before a complete accrual of a cause of action in its favor upon the obligation assumed by the Palo Alto Company.

Section 1559 of the Civil Code declares that such a contract may be enforced by the third party "at any time." Notice of acceptance is not required. He may sue precisely as upon a direct contract in his favor. Our decisions, so far as they go, seem to recognize such a contract as in itself establishing the cause of action. As said in *Washer* v. *Independent M. & D. Co.,* 142 Cal. 702, 709, [76 Pac. 654], the action "does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases seem to indicate, but upon the broad and more satisfactory basis that the law operating upon the acts of the parties, creates

the duty, establishes privity, and implies the promise and obligation on which the action is founded."

The case of *Tweeddale* v. *Tweeddale*, 116 Wis. 517, [96 Am. St. Rep. 1003, 61 L. R. A. 509, 93 N. W. 440], one of the decisions cited in Mr. Justice Wilbur's opinion, we think is misapprehended therein. While it recognizes authority in the books for the doctrine that the third party does not become possessed of the benefit of the promise until he accepts it, the court, after an elaborate review of the authorities, reaches the following conclusion: "Without further discussion of the matter we adhere to the doctrine that when one person, for a consideration moving to him from another, promises to pay to a third person a sum of money, the law immediately operates upon the acts of the parties, establishing the essential of privity between the promisor and the third person requisite to binding contractual relations between them, resulting in the immediate establishment of a new relation of debtor and creditor, regardless of the relations of the third person to the immediate promisee in the transaction; that the liability is as binding between the promisor and the third person as it would be if the consideration for the promise moved directly to such third person, regardless of whether the latter has any knowledge of the transaction at the time of the occurrence; that the liability being once created by the acts of the immediate parties to the transaction and the operation of the law thereon, neither one nor both of such parties can thereafter change the situation as regards the third person, without his consent."

The suggestion that to apply the bar of the statute of limitations in this case, during a period when the plaintiff probably had no knowledge of his right of action against the defendant, would be unfair and unreasonable, is beside the point. Obviously the statute did run against the original liability from the date of the assumption of the debt. If there had been no new obligation entered into by the Palo Alto Company by making of the note to plaintiff, defendant's liability would clearly have expired, even if plaintiff had never heard of the transaction. If the action is not barred it is because the note created a new and independent indebtedness of the corporation.

Even if notice to and acceptance by the beneficiary of the contract was necessary, it had such notice and made such

acceptance when it received this new note of the Palo Alto Company for the old note of the Morris Company. The old note was surrendered on the making of the new, and the only consideration was the renewal or satisfaction of the old debt, the one by which defendant's statutory liability was originally created. The complaint in this action recognizes the assumption by the Palo Alto Company of the liabilities of the Morris Company as the basis of its claim. There is set forth in the complaint the facts that plaintiff's assignor in the first instance held the obligation of the Morris Company for its indebtedness, that the Palo Alto Company took over the assets of the former, and executed this new note "in renewal" of the Morris Company note. The logical deduction from this state of facts is that the parties met in the execution of the new note upon a mutual recognition of the liability which had been assumed by the Palo Alto Company to pay to the Crocker Bank the old indebtedness of the Morris Company. The new note of the Palo Alto Company to the Crocker Bank was received in recognition and settlement of that liability.

Clearly, the only claim the Crocker Bank had upon the Palo Alto Company was by reason of the latter's assumption of the indebtedness of the Morris Company. Had the bank rested its claim on that liability, it would have had to begin its action within three years after the assumption of the debt. Instead, it consented to take a "renewal" note. This could not be done to the prejudice of the stockholders' rights, to rest on the original liability.

Rehearing denied.

All the Justices concurred, except Sloane, J., who did not vote.