[Civ. No. 44275. First Dist., Div. Three. Jan. 16, 1979.]

SKYLAWN et al., Petitioners, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
HAROLD A. ALEXANDER, as Executor, etc., et al.,
Real Parties in Interest.

## COUNSEL

Crosby, Heafey, Roach & May, William A. Quinby, Jack B. McCowan, Jr., Brodovsky & Brodovsky, Alan A. Brodovsky and Franklin W. Peck for Petitioners.

No appearance for Respondent.

Casper & Harrison, Kenneth K. Casper and Franklin R. Taft for Real Parties in Interest.

## OPINION

**FEINBERG, J.**—The petition in this matter seeks review of an order denying petitioners' motions for summary judgment. We are asked to decide whether a third party contract is an offer to the creditor-beneficiary so that the beneficiary must accept the "offer" before a cause of action in his favor accrues. There is no dispute as to the relevant facts.

On October 21, 1966, Roy C. Alexander and Anna B. Alexander commenced two actions in the Superior Court of Solano County against Abbey of the Chimes, a California corporation (hereinafter Abbey).

On August 1, 1968, Anna B. Alexander died and said actions were prosecuted in the name of Roy C. Alexander.

On January 10, 1969, Abbey and petitioners Skylawn, a California corporation, May L. McCormac (hereinafter McCormac) and Scott McCormac (since divorced), mutually executed an agreement in writing by virtue of which Abbey agreed to sell to petitioner Skylawn all of its property and assets. This agreement was consummated, in consideration of which Skylawn executed to McCormac two promissory notes. Both notes referred to the pending litigation between Roy C. Alexander and Abbey. The agreement of January 10, 1969, recites that in the event Roy C. Alexander secured judgment against Abbey, Skylawn agreed and assumed the liability to pay such judgment and any such amounts paid would reduce the face amount of the promissory note in the principal sum of $44,479.12.

On February 8, 1971, Roy C. Alexander recovered money judgments against Abbey in said two actions.

The obligation of petitioner Skylawn to pay the judgments pursuant to said agreement dated January 10, 1969, matured and accrued on February 8, 1971, when said judgments were rendered.

On April 20, 1971, Roy C. Alexander died. On June 1, 1971, Harold A. Alexander and Helen L. Lawrence, the real parties in interest, were appointed the executor and executrix of his estate.

On September 30, 1971, petitioner Skyview Memorial Lawn (Skyview), a California corporation, executed a written agreement with petitioner Skylawn, pursuant to which, on December 1, 1971, Skyview in writing agreed to assume and pay said promissory notes.

The real parties in interest, Alexander and Lawrence, had no knowledge of said written agreement of petitioner Skylawn, dated January 10, 1969, and the written agreement of petitioner Skyview, dated September 30, 1971, until approximately February 1976.

This case turns on one question: Is a third party contract an offer to the creditor-beneficiary so that the beneficiary must accept the "offer" before a cause of action in his favor accrues?

■ Sections 312 and 337, subdivision 1 of the Code of Civil Procedure require that an action upon a contract commence within four

years of the time when the cause of action first accrued. Petitioners claim that the date when the cause of action accrued was, at the latest, December 1, 1971. Real parties in interest contend that the cause of action did not accrue until they learned of the contract and accepted it by demanding payment on February 10, 1976.

The real parties in interest argue that a contract between a promisor and a promisee is a mere offer to the third party beneficiary and must be accepted by the latter for a cause of action to arise. (*More* v. *Hutchinson* (1921) 187 Cal. 623 [203 P. 97].)[1]

However, only three years after *More* v. *Hutchinson, supra,* the court in *Bogart* v. *George K. Porter Co.* (1924) 193 Cal. 197 [223 P. 959, 31 A.L.R. 1045], decided that a cause of action accrues in the third party beneficiary, under the language of sections 312 and 337 of the Code of Civil Procedure, immediately upon the execution of the contract between promisor and promisee; therefore, the statute of limitations begins to run from that date. (193 Cal. at p. 202.)

The general rule is that the cause of action in a third party contract accrues at the time of execution of the contract (or maturation of the obligation assumed), and the beneficiary has no rights greater than those of the promisor or promisee. (*Smith* v. *Minnesota Mut. Life Ins. Co.* (1948) 86 Cal.App.2d 581, 590 [195 P.2d 457]; *Collins* v. *County of Los Angeles* (1966) 241 Cal.App.2d 451, 454 [50 Cal.Rptr. 586].) A third party beneficiary is as much subject to the statute of limitations as the promisee to the contract which created the rights of the beneficiary.

The court in *Bogart* reasoned that though section 1559 of the Civil Code provides that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it," it *means* that "the *cause of action* arises in favor of the third person upon the making of such a contract and that such a cause of action subsists until the parties thereto rescind their contract. It does not mean that the *right to commence and* maintain an action upon such *cause of action* is exempted from the statute of limitation" (*Bogart* v. *George K. Porter Co., supra,* at p. 201), nor does ignorance of the contract toll the statute (*Sanders* v. *American Casualty Co.* (1969) 269 Cal.App.2d 306, 310 [74 Cal.Rptr. 634] (citing with approval the *Bogart* rule)).

---

[1]But see Professor Corbin's criticism of *More.* (4 Corbin on Contracts (1951) § 820, p. 280, fn. 7.)

Professor Corbin had this to say on the issue: "The statute of limitations has been held not to begin to run against a beneficiary until he has assented to the contract, on the theory that he has no right prior to such assent. This is certainly incorrect in the case of a donee beneficiary, who is held to have a vested and irrevocable right from the time the contract was made; and it is very doubtful in the case of a creditor beneficiary. It could be justified in some degree on the theory that the statute should not be allowed to operate against one until he has had a reasonable chance to know that his right exists. No wrong would be done, however, by the contrary ruling; the right of the creditor came to him by a sort of 'unexpected grace' and without consideration from him. If the statute should bar his remedy by a like accident because of his ignorance he would still be in exactly as good a position as his own contract originally put him. The law giveth and the law taketh away. The 'unexpected grace' is nullified by the unexpected limitation." (Fns. omitted.) (4 Corbin on Contracts, *supra*, pp. 279-280; see also 1 Rest., Contracts, § 136, com. on subsec. (1), p. 160; Rest.2d Contracts (Tent. Drafts Nos. 1-7 (1973) § 137, com. a, p. 297.)

Because the weight of authority holds that the cause of action accrues immediately upon execution of the contract, the right of a third party beneficiary to sue on a contract executed more than four years before commencement of the suit is barred by section 337, subdivision 1 of the Code of Civil Procedure.

As a matter of law, it was error to deny defendant's motions for summary judgment. (*Whitney's at the Beach* v. *Superior Court* (1970) 3 Cal.App.3d 258 [83 Cal.Rptr. 237]; *Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697 [128 P.2d 357].)

Let a peremptory writ of mandate issue directing the trial court to set aside its order denying summary judgment and to enter summary judgment for petitioners here.

White, P. J., and Halvonik, J., concurred.

A petition for a rehearing was denied February 15, 1979, and the opinion was modified to read as printed above.