[S. F. No. 269.    Department One.—July 28, 1896.]

## R. J. CHRISTIE, RESPONDENT, *v.* DWIGHT SHERWOOD ET AL., DEFENDANTS. BANK OF LAKE, APPELLANT.

MORTGAGES—PRIORITY OF RECORD OF SUBSEQUENT LIEN—NOTICE—KNOWLEDGE OF BANK CASHIER—AGENCY FOR DEPOSITOR—PRESUMPTION.—
Where the cashier of a bank negotiated a prior mortgage in favor of a depositor of the bank, and the mortgage was left in his possession, and interest on the loan was received by him and placed to the credit of the mortgagee on the books of the bank, and on his pass-book, the cashier's knowledge of the prior mortgage will be presumed to continue, under such circumstances, and to affect the bank with knowledge of the prior mortgage, at the date of a subsequent mortgage to the bank on the same property, which was first recorded, in the absence of proof that the previous transaction was not then present to the mind of the cashier.

ID.—AGENCY OF BANK—PRESUMPTION — ACTION OF CASHIER —NEGOTIA-
TION OF LOANS FOR DEPOSITORS—CHARTER OF BANK.—Where the char-
ter of a bank stated that it was to act as agent in the investment of
funds, and to transact any business that may be done by a financial
agent, it cannot be presumed that its cashier, in negotiating a loan upon
mortgaged security in favor of a depositor, acted as agent of the
mortgagee, but it must be presumed that he was acting for the bank
where he was in the habit of negotiating loans for it, and the bank, in
such case, is bound to know of the mortgage in favor of the depositor.

ID.—BY-LAWS OF BANK— CUSTOMARY ACTION OF CASHIER — ESTOPPEL OF
BANK.—Although the by-laws of the bank provided that the concurrence
of the president and cashier were required in the negotiation of loans,
yet, where it was customary for the cashier to negotiate loans without
consulting the president, the bank cannot be permitted to say that it
did not negotiate a loan which was negotiated through its cashier alone.

APPEAL from a judgment of the Superior Court of
Lake County.   R. W. CRUMP, Judge.

The facts are stated in the opinion.

*Thomas B. Bond,* and *Woods Crawford,* for Appellant.

Notice to the bank is not inferred from notice to its
cashier in respect to a matter beyond the scope of his
employment, and outside of the ordinary business of
the bank. (*Wilson* v. *McCullough,* 23 Pa. St. 441; 62
Am. Dec. 347; *Bank of United States* v. *Dunn,* 6 Pet.
51; *Asher* v. *Sutton,* 31 Kan. 286, 289; *Merchants' Bank*
v. *Marine Bank,* 3 Gill, 97; 43 Am. Dec. 300.) The
rule that notice to an agent is notice to his principal
applies only to knowledge acquired by the agent in the
particular transaction, or which, if previously acquired,
is still present in his mind at the time of his agency.
(*Yerger* v. *Barz,* 56 Iowa, 77; *Distilled Spirits,* 11 Wall.
366; Story's Equity Jurisprudence, 4th ed., 398; *Mor-
rison* v. *Bausemer,* 32 Gratt. 232, note; *Hord* v. *Colbert,* 28
Gratt. 49; *Shurtz* v. *Johnson,* 28 Gratt. 657; *Nash* v.
*Nash,* 28 Gratt. 686; *Boggs* v. *Varner,* 6 Watts & S. 469;
*Warsley* v. *Earl of Scarborough,* 3 Atk. 392; *Wyllie* v.
*Pollen,* 32 L. J. Ch., N. S., 782; Wade on Notice, 2d ed.,
263.)

*R. J. Hudson,* and *M. S. Sayre,* for Respondent.

The bank had express, actual notice of the prior, un-

recorded mortgage. If it had no such notice at the time it paid over its money it was essential that it allege and prove that fact. (*Jewett* v. *Palmer*, 7 Johns. Ch. 65; 11 Am. Dec. 401; *Blanchard* v. *Tyler*, 12 Mich. 339; 86 Am. Dec. 57; *Bennett* v. *Titherington*, 6 Bush, 192; *Paul* v. *Fulton*, 25 Mo. 156; Civ. Code, secs. 1213-15; 1217; *Hassey* v. *Wilke*, 55 Cal. 528; *Wilhoit* v. *Lyons*, 98 Cal. 409; *Eversdon* v. *Mayhew*, 65 Cal. 163.) Notice to the cashier was notice to the bank. (*Whitney* v. *Burr*, 115 Ill. 289; *Cragie* v. *Hadley*, 99 N. Y. 131; 52 Am. Rep. 9; *Sooy* v. *State*, 41 N. J. L. 394.)

HAYNES, C.—Defendant, Dwight Sherwood, executed his note and mortgage to the plaintiff on December 3, 1887, and that mortgage was recorded December 20, 1890.

On March 4, 1890, Sherwood executed to the Bank of Lake another note and mortgage on the same lands (and certain other parcels) and this mortgage was recorded May 5, 1890.

Plaintiff's mortgage is for two thousand dollars, that of the bank for four thousand dollars, and the property mortgaged is insufficient to satisfy both. The court below held that plaintiff's mortgage, though last recorded, was the first lien on that part of the land described in both mortgages, and judgment was entered accordingly. This appeal is by the bank from the judgment upon the judgment-roll and a statement containing the evidence; and the only question is whether the bank at the time it took its mortgage had notice of the prior mortgage to the plaintiff.

The uncontradicted facts are that the plaintiff, at and prior to the date of his note and mortgage, had three thousand dollars or more on deposit with the Bank of Lake; that Marshall Arnold was then the cashier of said bank, and continued to be such cashier until after the execution of the mortgage to the bank; that about the date of the mortgage to plaintiff, Arnold asked plaintiff if he wanted to lend the money he had in the bank;

that plaintiff replied that he might need it soon; that Arnold then said: "If you want to loan the money we can loan it for you, and the bank will settle your mortgage off any time you want the money on it," and plaintiff told him he could lend it in that way; that plaintiff did not personally see Sherwood or negotiate the loan; that Sherwood's acknowledgment of his mortgage to Christie was taken and certified by Arnold as notary public.

The plaintiff testified that the bank paid him the interest three different times, the first time two hundred dollars, at another time three hundred dollars, but the amount of the third payment was not stated; that said sums were credited to him by the bank in his pass-book, and he was told by the cashier that they were interest on the loan to Sherwood. The date of the two hundred dollars payment is given as February 20th—year not stated—but as that is the amount of one year's interest, which became due December 3, 1888, we assume that it was paid February 20, 1889. The only other date given was May 7, 1890. The books of the bank were also put in evidence showing the same deposits.

The articles of incorporation of the bank and its by-laws were also put in evidence by the plaintiff, by each of which it appears that its business was, among other things, "to act as an agent in the investment of funds," and "to transact any business that may properly be done by a financial agent." The by-laws further show that the cashier, with the president, "shall negotiate loans," and that "no loans shall be made without their concurrence."

The president of the bank testified that he did not know of the mortgage from Sherwood to Christie at the time Sherwood made his mortgage to the bank, and that neither he nor the board of directors ever had any notice of the mortgage to the plaintiff. No other evidence was given on behalf of the bank affecting the question before us.

The indorsement on the plaintiff's mortgage showed
CXIII. CAL.—34

that it was recorded at the request of Marshall Arnold, and the plaintiff first received the mortgage after it was recorded.

It is contended by appellant that " notice to the bank is not inferred from notice to its cashier in respect to a matter beyond the scope of his employment, and outside of the ordinary business of the bank." (Citing *Wilson* v. *McCullough*, 23 Pa. St. 440; 62 Am. Dec. 347.)

If it be conceded that Arnold, though cashier of the bank at the time plaintiff's money was loaned to Sherwood, was not acting as the agent of the bank in that transaction, but was then acting as the agent of Christie, his knowledge of the fact that the loan was made, and the mortgage taken, may be notice to the bank in the subsequent transaction in which he, being authorized, loaned the money of the bank to Sherwood, and took as security a second mortgage upon the same property; but whether it is notice to the bank depends upon whether the previous transaction was present in his mind at the time the loan was made by the bank. (*Yerger* v. *Barz*, 56 Iowa, 77; *Distilled Spirits*, 11 Wall. 366.) In the case last cited, after reviewing the English cases, it was said: " If he [the agent] acquired the knowledge when he effects the purchase, no question can arise as to his having it at that time; if he acquired it previous to the purchase, the presumption that he still retains it, and has it present to his mind, will depend upon the lapse of time and other circumstances. Knowledge communicated to the principal himself he is bound to recollect, but he is not bound by knowledge communicated to his agent, unless it is present to the agent's mind at the time of effecting the purchase; clear and satisfactory proof that it was so present seems to be the only restriction required by the English rule as now understood. With the qualification that the agent is at liberty to communicate his knowledge to his principal, it appears to us to be a sound view of the subject."

Whether the prior transaction was present in the

mind and recollection of the cashier at the time the mortgage was taken by the bank, there is no direct evidence. The cashier was not examined. The circumstances would seem to show that it could not well have escaped his recollection. The mortgage itself was in his possession, either as agent of Christie or as cashier of the bank. Interest on the loan to Sherwood was also received and placed to the credit of Christie in the books of the bank and in Christie's pass-book, and Christie was informed on both occasions that these deposits were moneys paid by Sherwood as interest on his loan. If, however, the *bank* was the agent of Christie in making the loan, then the bank was bound to recollect the prior loan at the time when it subsequently loaned its own money and took a mortgage upon the same property. (*Distilled Spirits, supra.*)   Appellant contends that it is not within the power of the bank to act as such agent, and that, therefore, Arnold did not represent the bank when the loan was made for Christie, and cites authorities to the effect that it is outside of the business of a banking corporation to make loans for depositors. But that must depend upon the purposes of its organization, and the powers given by the statute and its articles of incorporation. Under our Civil Code, section 286, "private corporations may be formed for any purpose for which individuals may lawfully associate themselves," and the articles of incorporation of the Bank of Lake, among other purposes for which it was organized, state that it is "to act as an agent in the investment of funds," and " to transact any business that may properly be done by a financial agent."   It is clear that in lending its own money the bank acts as a principal, and can only act as an agent when it invests the funds of others; and, therefore, the provisions of its articles of association above quoted gave it ample authority to act for Christie in making the loan to Sherwood, and it cannot be presumed that Arnold acted in his individual capacity, and not as cashier, in doing that which the bank was organized for the purpose of doing.   It is true the by-laws of the bank

provide that the cashier, with the president, "shall negotiate loans," and that "no loan shall be made without their concurrence"; but the president testified that "Marshall Arnold, the cashier, never consulted me about making any loans." Under such circumstances we think the bank should not be permitted to say that it did not make the loan of Christie's money. The knowledge of its cashier of the prior mortgage to Christie was the knowledge of the bank, and, therefore, not within the provisions of section 1214 of the Civil Code.

The judgment should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.