[Civ. No. 1158.   Second Appellate District.—September 25, 1912.]

THOMAS DAVIS, Appellant, v. W. J. DAVIS and IDA DAVIS, His Wife, et al., Defendants; LULA H. PLOWMAN and A. J. PLOWMAN, Her Husband, Respondents.

EXCHANGE OF LANDS—ASSUMPTION OF MORTGAGE DEBT—STATUTE OF LIMITATIONS NOT AVAILABLE.—Parties agreeing to an exchange of lands may equalize the purchase by agreeing that one set of parties shall assume and pay a mortgage upon the other's land, which is recognized to be a subsisting liability by the other party. All defenses against said mortgage, other than payment, are expressly waived; and the parties assuming such liability cannot defend against the mortgage on the mere ground that the debt is not owing,

nor on the ground that when the mortgage was foreclosed, the debt was barred by the statute of limitations. If such defense were available, the result would be that the parties assuming the mortgage would not pay for the property all that was agreed to be paid therefor.

ID.—JUDGMENT FOR DEFICIENCY AGAINST PARTY ASSUMING MORTGAGE DEBT—LIABILITY TO MORTGAGEE—VENDOR A SURETY.—If the mortgaged premises are insufficient to satisfy the mortgage debt, judgment may be rendered for deficiency against the party assuming the mortgage debt, as well as against the mortgagor for such deficiency. This liability results from the doctrine in equity that a creditor is entitled to the benefit of all collateral obligations that his principal debtor may have given to the surety for the payment of the debt. By the assumption of the mortgage debt by the conveyance of the mortgaged premises to the grantee, the latter, as between him and his grantor, becomes primarily liable to the mortgagee, and his vendor becomes his surety.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Bernard Potter, for Respondents.

JAMES, J.—Defendants W. J. Davis and Ida R. Davis, on March 25, 1904, executed their promissory note payable to J. R. Thacker for the sum of $1,000 one year after date, and contemporaneously therewith gave a mortgage upon two certain lots of land at Santa Monica to secure the payment of said promissory note. On the twenty-fourth day of March, 1905, the mortgagee assigned the note and mortgage to plaintiff, who thereafter remained the owner of same. On the thirtieth day of June, 1910, the mortgagors entered into an agreement which was thereafter consummated, by the terms of which they exchanged the property so mortgaged with appellant Lula H. Plowman, the agreement of exchange containing this clause relative to the mortgage indebtedness referred to and existing against the property of defendants W. J. and Ida R. Davis: "Above property subject to a mortgage of one thousand dollars to be assumed by owners of first piece."

The Davises on their part assumed an encumbrance of $1,500, then existing against the property of Lula H. Plowman which they received in exchange for their own lots. This action was brought on September 22, 1910, to foreclose the mortgage given by the Davises to secure the payment of the $1,000 note, Lula H. Plowman and her husband, A. J. Plowman, being made defendants, and it being alleged in the complaint that on the thirtieth day of June, 1910, the date of the making of the agreement of exchange between the Davises and Lula H. Plowman, "the said defendants W. J. Davis, Ida R. Davis, Lula H. Plowman and A. J. Plowman, in writing, acknowledged said note and mortgage and indebtedness, and assumed and agreed to pay the same." Defendants Davis made no appearance in the action, and their default was regularly entered. Defendants Plowman appeared and, among other defenses, set up the plea that the note and mortgage debt was barred by the provisions of section 337 of the Code of Civil Procedure. The trial court made its findings generally in favor of plaintiff, and found that the agreement of exchange with the conditions hereinbefore mentioned had been duly made between the parties, but found in favor of defendants Plowman on the plea of the statute of limitations. It will be noticed from the foregoing statement of facts that at the time the agreement of exchange was made between the Plowmans and Davises, the statute of limitations had already run against the mortgage debt of $1,000 owing by the Davises to Thomas Davis, the assignee of their mortgagee, and hence also the statute had completely run at the time this action was commenced. The case presents mainly the one question as to whether the Plowmans, having expressly assumed the mortgage indebtedness theretofore existing against the property which they received in exchange for their own, could, in an action brought to foreclose the mortgage, be allowed to defend on the ground that the statute of limitations had run against the debt. It very clearly appears that the assumption of the $1,000 mortgage debt by the Plowmans was a part of the consideration moving from them to the Davises in the exchange of properties; in other words, as a part of the purchase price, instead of paying $1,000 to the Davises in addition to the transfer of their real estate, they agreed to pay the debt then admitted to be owing by the Davises to the plaintiff. The

agreement in this respect was one which the parties had the right to make and one which they did voluntarily and expressly enter into. In the case of *Washer* v. *Independent M. & D. Co.*, 142 Cal. 708, [76 Pac. 656], our supreme court, referring to contracts of a similar nature, has said: "It was nothing to defendant as to whom the purchase money should be paid. If its grantors requested the payment of $4,500 to plaintiff, and defendant agreed to pay said sum, it will not now be allowed to defend this action upon the ground that its grantors did not owe plaintiff. It is not the business of the defendant to go upon a tour of investigation as to the merits of plaintiff's claim against its grantors after agreeing to pay it. If its grantors were satisfied that they owed plaintiff, defendant cannot, after agreeing to pay the indebtedness, claim that nothing was due. It was said by the supreme court of Pennsylvania in *Merriman* v. *Moore*, 90 Pa. 81: 'A vendor may direct how the purchase money shall be paid. He may reserve it to himself, donate it to a public charity, or may make such other disposition of it as may best meet his views, and if his vendee agrees to pay it, according to such directions, he cannot set up a defense that his vendor was under no duty to apply it in such manner.'" (See, also, *Hopkins* v. *Warner*, 109 Cal. 133, [41 Pac. 868].) We quote again and from the case of *Williams* v. *Naftzger*, 103 Cal. 440, [37 Pac. 411], on the same subject: "An agreement on the part of a grantee to pay and discharge a mortgage debt upon the granted premises for which his grantor is liable renders the grantee liable therefor to the mortgagee, and in an action for the foreclosure of the mortgage, if the mortgaged premises are insufficient to satisfy the mortgage debt, judgment may be rendered against him as well as against the mortgagor for the amount of such deficiency. This liability results from the familiar doctrine in equity that a creditor is entitled to the benefit of all securities or collateral obligations that his principal debtor may have given to the surety for the payment of the debt. By the conveyance of the mortgaged premises and the assumption of the mortgage debt by the grantee, the latter, as between him and his grantor, becomes primarily liable to the mortgagee, and his vendor becomes his surety. (*Halsey* v. *Reed*, 9 Paige (N. Y.), 452; *Crowell* v. *Currier*, 27 N. J. Eq. 154; *Crawford* v. *Edwards*, 33 Mich. 354; *Keller* v. *Ashford*,

133 U. S. 622, [33 L. Ed. 667, 10 Sup. Ct. Rep. 494]; *Biddel* v. *Brizzolara,* 64 Cal. 354, [30 Pac. 609]; Jones on Mortgages, secs. 741,. 752.)"

The argument of these cases is that a party who expressly agrees to pay a particular debt, which the person contracting with· him admits that he owes to a third party, cannot thereafter be heard to say that the debt is not owing, and much less, to our minds, should he be permitted to urge that, while the debt was once due from the person with whom he has contracted, the statute of limitations has intervened to prevent its collection. The Plowmans by their contract made with the Davises expressly admitted that the premises which they received were subject to the lien of the mortgage encumbrance, and the Davises chose to consider that debt as being a live and existing obligation required to be performed by them on their part. It follows that if the Plowmans were permitted to maintain this defense, the result would be that they would not pay for the property all that they had agreed to pay. In line with what we have said, the supreme court of Michigan has decided that where a vendee assumes the payment of a mortgage indebtedness, he waives all defenses thereto except payment. (*Terry* v. *Durand Land Co.,* 112 Mich. 665, [71 N. W. 525].)

We think that the complaint was properly framed in the form it was presented, plaintiff seeking to foreclose his mortgage and alleging the assumption of the mortgage debt by the Plowmans in the manner stated. For the reasons we have given, we think the trial court erred in concluding that the indebtedness was barred as to respondents.

The appeal is taken by plaintiff from the judgment and also from an order denying a new trial, which judgment and order are reversed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 23, 1912.