[Civ. No. 3656. First Appellate District. Division One.—December 27, 1920.]

## T. F. ALLEN, Respondent, v. CHARLES H. FREEAR et al., Appellants.

[1] TRUST—TRANSFER OF MERCHANDISE — PAYMENT OF INDEBTEDNESS OF TRANSFEROR—BREACH OF TRANSFEREE.—Where an owner of a stock of merchandise made a transfer thereof upon the sole consideration that the transferee should take possession, conduct the business, pay off the owner's indebtedness, and reconvey a one-half interest in the property to the transferor, and the transferee in violation of his agreement to pay off the indebtedness retained the income from the business and finally sold it to a third party, a trust arose in the proceeds of the sale in favor of the creditors of the original transferor.

[2] ID. — GUARANTOR OF OUTSTANDING PROMISSORY NOTE — RIGHT TO ESTABLISH TRUST. — A guarantor of an outstanding promissory note of the original owner of the stock of merchandise, who was compelled to and did subsequently pay the note, was entitled, as a creditor, to have a trust in the proceeds of such sale established in his favor, since a surety has a right to be subrogated to the remedies of the creditor when he has paid the debt of his principal.

[3] ID.—STATUTE OF FRAUDS — DEFENSE NOT AVAILABLE. — The transferee of the stock of merchandise cannot set up the statute of frauds to defeat an action by the creditors of the transferor to establish a trust in the proceeds of his wrongful sale of the stock.

2. Payment of entire claim of third person as condition of subrogation, note, 9 A. L. R. 1596.

[4] ID. — STATUTE OF LIMITATIONS — UNAVAILABLE DEFENSE. — Such transferee, in the absence of a repudiation of the trust and knowledge thereof, cannot avail himself of the statute of limitations to defeat an action by the creditors of the transferor to establish such a trust.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. A. Klein for Appellants.

Chas. A. Barnhart and T. F. Allen for Respondent.

KERRIGAN, J.—This action was brought to have a trust declared in certain property.

The substance of the facts as disclosed by the findings shows that on the eighteenth day of April, 1914, L. L. Bateman was the owner and in possession of certain personal property described as all the stock in trade, including groceries and general merchandise, in a certain store located in Kern County, the value of which was approximately $4,000. Bateman was financially involved, and on the day last mentioned he entered into an agreement with the defendant Freear to transfer the business over to him. Notice of his intention so to do was recorded and pursuant to such notice a sale was subsequently made. The only consideration for this transfer was that Freear should take possession of the business, conduct the same, and pay off Bateman's indebtedness, upon the happening of which event Freear was to reconvey to Bateman a one-half interest in the property. At the time of the transfer Freear was familiar with the different claims against Bateman. Among these was one held by plaintiff and one of the defendants, Stephenson. Allen and Stephenson at the time of the transfer were guarantors on two promissory notes given by Bateman. These notes aggregated the sum of $1,500, and as such guarantors Allen and Stephenson were compelled to, and did subsequently, pay the same, Allen paying two-thirds and Stephenson one-third of the amount due thereon.

After acquiring the business in the manner indicated Freear conducted the same, but in violation of his agreement to pay off the indebtedness he retained the income arising therefrom, and finally sold the business to one Carlson. As part of the purchase price Carlson gave a note to Freear for the sum of $2,500, which note was secured by a mortgage upon certain real property. Before the maturity of this note Freear transferred the same to the Produce Savings Bank to secure his personal indebtedness. This mortgage was subsequently foreclosed by the bank. After the bank had satisfied its claim a surplus remained in its hands amounting to the sum of $866.50, which sum was ordered by the court to be deposited with the county treasurer to await such order as might be made in this action. The complaint herein prayed that this fund be adjudged to be held by defendant Freear in trust for the payment of the claims of plaintiff and other creditors of Bateman.

The trial court found in accordance with the prayer of the complaint and rendered judgment accordingly, and this is an appeal from such judgment.

[1] We are of the opinion that the judgment of the trial court was correct. Where property is held under the consideration, as here, that the purchaser is to pay off the indebtedness of the seller, the creditors, although not mentioned, have a right to come in as being those of a class for whose benefit such contract was made. (*Sherwood* v. *Gill*, 36 Cal. App. 707, [173 Pac. 171].)

[2] Appellant concedes this to be the rule, but he claims that as plaintiff was already obligated to pay by reason of the notes being outstanding, he was not put in the place of a creditor of Bateman to such an extent that he would be subrogated or substituted to the rights of the creditors that he paid off. We see no force in this contention. When a surety has paid the debt of his principal he has a right to be subrogated to the remedies and rights which the creditor had with whom he has settled. (Civ. Code, sec. 2848; 37 Cyc. 415, 416.) Here the only right that Freear had in the transferred property was his agreement that out of the proceeds of its management he was to pay the debts of Bateman. The claim of plaintiff was one he had knowledge of and was bound to pay. By

making the sale without paying the debts Freear violated his agreement, from which act a trust arose in favor of those for whose benefit the transfer was made. The contract involved was an oral one, and appellant pleads the statute of frauds and the statute of limitations to defeat the action, and he relies on these statutes for a reversal.

[3] With reference to the statute of frauds, it is sufficient to say that such statute was never intended to operate as a shield in defense of fraud. (Civ. Code, sec. 2794.) As above indicated, the property received by Freear under the arrangement was held by him under a trust. The statute cannot be availed of to invalidate a relation which the law thus creates. (*Valentine* v. *Richardt*, 126 N. Y. 272, [27 N. E. 255]; 1 Perry on Trusts, sec. 79.) To hold otherwise would permit the statute to aid Freear in the betrayal of the trust imposed upon him by preventing the fulfillment of the legal and moral obligation he was bound to perform. The statute was never enacted for such a purpose. This defense, therefore, can avail Freear nothing.

[4] The same may be said with reference to the statute of limitations. The arrangement was entered into in April, 1914, and suit was brought thereon in December, 1916. It is conceded that if this were an action upon Freear's verbal promise it would be barred under the provisions of section 339 of the Code of Civil Procedure. Here, however, the trust being a positive one, though resting in parol, the statute could not run until after a repudiation and knowledge thereof. (*Nougues* v. *Newlands*, 118 Cal. 102, [50 Pac. 386]; *Odell* v. *Moss*, 130 Cal. 352, [62 Pac. 555]; *Hecht* v. *Slaney*, 72 Cal. 363, [14 Pac. 88].) Moreover, Freear having received the property under the express agreement to pay the debts of Bateman, and there being no repudiation thereof, it does not lie in his mouth to plead the statute as against Bateman's creditors. He cannot be heard to say that while the debt is due from the person with whom he contracted, that the statute has intervened. This is no concern of his. (*Washer* v. *Independent Mining etc. Co.*, 142 Cal. 702, [76 Pac. 654]; *Williams* v. *Naftzger*, 103 Cal. 440, [37 Pac. 411]; *Davis* v. *Davis*, 19 Cal. App. 797, [127 Pac. 1051].)

And, finally, it is contended that plaintiff acted in bad faith in procuring the contract, and that Freear was never

informed of the plaintiff's claim.   The evidence shows that
Bateman himself fully informed Freear of all the out-
standing claims against him, including those here involved.
For the reasons given the judgment is affirmed.

Richards, J., and Seawell, P. J., *pro tem.*, concurred.